## INTERNATIONAL & G. N. R. CO. v. WELLBORN. (No. 3791.)

Court of Civil Appeals of Texas. Texarkana. Jan. 16, 1930.

Futch & Cooper, of Henderson, for appellant.

Victor A. Smith and H. H. Wellborn, both of Henderson, for appellee.

PER CURIAM. This appeal is from a judgment against the appellant for $75 as damages for the value of a cow which was killed by one of appellant's locomotives. The proof showed that the place where the cow was killed was within the corporate limits of the city of Henderson and in a residential district where the track could not be fenced without inconvenience to the public. The residence of the appellee was on a lot situated on the east side of the railway right of way and immediately adjoining the right of way. Mrs. Wellborn testified that the cow had been kept within their inclosure; that she discovered the cow soon after she got out of the lot, and went to drive her back; that she passed the cow right close to the gate, about fifteen or twenty steps from the railroad track, but left the cow and went across the street to see a neighbor, expecting to be gone only a few minutes. Her purpose in going out was to drive the cow back, and she intended to do so. While she was across the street, a passenger train going north struck the cow and killed her. Mrs. Wellborn testified: "I could see the train when it left to

come up the track. The cow had not crossed from the east side. The cow was just outside of the gate when I passed her going to Mrs. Russell's. She (the cow) was just a few steps, a very few steps, from the gate at the sound of the whistle." She further testified that the whistle blew just as the train was about to hit the cow or was near her; that "the whistle gave three blasts just about what time; it looked like the cow jumped on the track." Oren Lokay, a brakeman on that train, called by the plaintiff as a witness, testified: "The cow was just in front of the train when it struck her; she came from the east side and suddenly jumped on the track. I was in the engine, on the engineer's side. I did not see the cow until the engine was right upon her, about eight or ten feet of her. I was standing on the deck, looking to the north on either side. I am an expert trainman. I have been a brakeman for twenty-two years. It would have been impossible to have stopped the train after the cow came in sight, before it hit her. It takes twenty feet to stop the train for an emergency; it was less than that when I saw the cow." It was conceded in the trial that stock of that character were prohibited from running at large both by the county stock law and an ordinance of the city of Henderson.

The judgment was based upon the finding of the court that the railway employees were guilty of gross negligence in failing to keep a lookout ahead. The principal contention in this appeal is that this finding was unsupported by the testimony, and we think that contention should be sustained.

The judgment will be reversed, and judgment here rendered in favor of the appellant.